UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-120-TAV-DCP |
| | ) | |
| KEEGAN KNIGHT AYERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on May 22, 2025, for an initial appearance and revocation hearing on a Petition for Action on Conditions of Pretrial Release ("Petition") [Doc. 16, SEALED] and a motion hearing on Defendant's Motion to Determine Competency of Defendant and For Psychiatric or Psychological Examination of Defendant [Doc. 23, SEALED].[1] Assistant United States Attorney Michael Gilmore appeared on behalf of the Government. Assistant Federal Defender Nakeisha C. Jackson represented Defendant Keegan Ayers, who was also present.

Defendant asks the Court for a competency hearing and an evaluation of his competency to stand trial. Ms. Jackson stated that Defendant's initial appearance on the Petition has been reset several times from the date of his arrest on May 15, 2025, due to Defendant's inability to attend the hearing. She said she visited Defendant at the detention facility on Sunday, May 18. She stated

---

[1] The undersigned granted Defendant's request to seal this motion. At the May 22 hearing, defense counsel stated that a copy of the motion was provided to counsel for the Government.

that she has since received information on Defendant's interactions with others and the concerns of the jail medical staff, which she set out in the motion. Ms. Jackson said for the reasons stated in the motion, she asks that Defendant receive a mental evaluation. She also asks that Defendant be transported to the emergency room to receive treatment until he can be transported for the evaluation.

Ms. Jackson asked the Court to proceed with the initial appearance but requested that the revocation hearing be held in abeyance. She stated that she reviewed the Petition with Defendant, and he understands the charges. Ms. Jackson said that Defendant is not able to assist with his defense in the revocation hearing. She stated that Defendant has no objection to holding the revocation hearing in abeyance until after his competency determination.

AUSA Gilmore stated that the Government has no objection to Defendant's motion for a competency determination. He opined that Defendant remaining in the hospital pending transport for his mental evaluation would present a security risk but deferred to the United States Marshals Service to make that assessment. He also did not object to proceeding with the initial appearance and holding the revocation hearing in abeyance. AUSA Gilmore asked that Defendant be detained pending his mental evaluation and revocation hearing.

Ms. Jackson responded that because Defendant is receiving a custodial evaluation, Defendant waives any argument on bond at this time.

Based upon the information in the sealed motion, the attached records, and the statements of the parties at the hearing, the Court finds that reasonable cause exists to believe that Defendant Ayers may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Accordingly,

2

the Court **GRANTS** the Defendant's motion [**Doc. 23**] to undergo a competency evaluation and for a competency hearing.

The Court also finds that Defendant's request to hold the revocation hearing in abeyance is well taken and is **GRANTED**. Defendant is **DETAINED** temporarily pending his mental evaluation, the Court's determination of his competency to proceed, and his revocation hearing. As for Defendant's request to be transported to and remain in the hospital pending designation of a facility for his mental evaluation, the undersigned generally defers to the United States Marshals Service on matters relating to the care and security of pretrial detainees. However, the Court asks the United States Marshals Service to expedite Defendant's designation to the extent possible.

The Court hereby **ORDERS,** pursuant to Title 18, sections 4241(b) and 4247(b)–(c) of the United States Code, as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL FILE** a notice of designation in the record to alert the Court.[2]
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

---

[2] Upon receipt of the Government's notice of designation, the Court will enter a separate order directing the United States Marshals Service to transport Defendant to the designated facility. *See United States v. Brown*, 100 F.4th 703, 708 (6th Cir. 2024) (approving use of a separate transport order entered after the commitment and designation order for purposes of compliance with the Speedy Trial Act).

3

(3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. The record reflects that Defendant has not taken previously prescribed mental health medications for some time and is uncertain what medication is needed or the correct dosage. In this regard, the facility is asked to evaluate a suitable medication regimen for Defendant and to place him on the proper medication for his mental health if appropriate.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

    (a) Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis, and

    (e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshals Service immediately following the completion of the evaluation or the expiration of the thirty (30)-day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing and revocation hearing is set for **August 26, 2025, at 10:30 a.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify counsel for both parties and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the marshals shall bring him to the **August 26, 2025** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the September 9, 2025 trial date is removed, to be reset when Defendant is deemed competent to stand trial. Counsel for both parties agreed with the removal of the trial date. The Court observes that all time during which the Defendant is undergoing a mental examination, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time of up to ten (10) days for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. The Court also finds that to require Defendant to proceed with trial preparations while his competency is in question would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

(11) Counsel for Defendant Ayers is **DIRECTED** to provide the evaluating mental health provider with a copy of the sealed motion [Doc. 23] and copies of the Defendant's medical, mental health, and educational records in counsel's possession or that counsel receives during the pendency of the evaluation.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge