# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-120-TAV-DCP |
| | ) | |
| KEEGAN KNIGHT AYRES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned on the Motion to Review Appointment of Counsel [Doc. 45], filed on July 23, 2026, by defense counsel Assistant Federal Defender Nakeisha C. Jackson. The parties appeared for a hearing on this motion on July 23, 2026. Assistant United States Attorney Michael T. Gilmore ("AUSA Gilmore") represented the Government. Assistant Federal Defender Nakeisha C. Jackson ("Attorney Jackson") appeared with Defendant Ayres, who was also present. CJA Attorney Christopher J. Oldham ("Attorney Oldham") was also present at the Court's request.

The Court appointed Attorney Jackson and the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant on November 18, 2024 [Doc. 6]. On July 23, 2026, Attorney Jackson filed the instant motion asking the Court to review counsel's appointment [Doc. 45]. In the motion, Attorney Jackson states that the attorney-client relationship has broken down to the extent that Defendant no longer trusts the advice of counsel [*Id.* at 1]. The motion states this break is irrevocable and that Defendant would benefit from new counsel [*Id.*]. Specifically, the

motion reflects that counsel met with Defendant on July 21 and again on July 23 and on both occasions, Defendant "expressed immense frustration with his representation" [*Id*.]. According to the motion, at the second meeting, Defendant requested the appointment of new counsel [*Id*.].

At the motion hearing, the Government confirmed that it had no position on the motion. The Court also conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that it made inquiry of both Attorney Jackson and Defendant concerning the deterioration of the relationship and that based on their respective representations, the Court is reasonably satisfied that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, which is suffering from a breakdown of communication and trust that has compromised beyond repair Attorney Jackson's ability to continue to defend Defendant Ayres and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to substitute new counsel under the particular circumstances of this case.

Therefore, the Motion to Review Appointment of Counsel [**Doc. 45**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Attorney Jackson is relieved as counsel of record for Defendant Ayres and Attorney Jackson is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Oldham was present at the hearing and agreed to accept representation of Defendant Ayres. The Court **SUBSTITUTES** and **APPOINTS** Attorney Oldham under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Ayres.

Accordingly, it is **ORDERED**:

(1) The Motion to Review Appointment of Counsel [**Doc. 45**] is **GRANTED**;

(2) Attorney Jackson and FDSET are **RELIEVED** of their representation of Defendant Ayres and are **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Oldham is **SUBSTITUTED** and **APPOINTED** as Defendant Ayres's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____

Debra C. Poplin
United States Magistrate Judge

3